**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
NO. 5:10CV-97-R**

LYNN GIBSON                                                              PLAINTIFF

v.              **ANSWER ON BEHALF OF THE DEFENDANTS
BOARD OF EDUCATION OF CHRISTIAN COUNTY,
KENTUCKY AND BRADY LINK**

CHRISTIAN COUNTY SCHOOL BOARD
and BRADY LINK, in his official and
individual capacities                                              DEFENDANTS

The defendants, the Board of Education of Christian County, Kentucky (incorrectly named in the complaint as the Christian County School Board) and Brady Link, for their answer to the complaint state as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

1.      The defendants admit the allegation contained in paragraph 1 of the complaint that the plaintiff is a resident of Hopkinsville, Kentucky.  The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the complaint and therefore deny the same.

2.      The defendants admit the allegations contained in paragraphs 2, 3, 4, and 5 of the complaint.

913976

3.     The defendants deny the allegation contained in paragraph 6 of the complaint that the defendants did not indicate to the plaintiff by oral or written reports that she was not performing to expectations.   The defendants deny the remaining allegations contained in paragraph 6 of the complaint that "written reports" are required by the defendant's policies and procedures regarding evaluation and affirmatively state that while certain documentation is required by the defendant's policies and procedures regarding evaluation, the defendant's policies and procedures speak for themselves.

4.     The defendants admit the allegations contained in paragraph 7 of the complaint that the plaintiff broke her fibula in the teacher's workroom on February 11, 2009 and that the plaintiff filed a workers' compensation claim. The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the complaint and therefore deny the same.

5.     The defendants admit the allegation contained in paragraph 8 of the complaint that the plaintiff used a rolling walker when she returned to work after breaking her fibula.  The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in paragraph 8 of the complaint and therefore deny the same.

6.     The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the allegations contained in paragraph 9 of the complaint and therefore deny the same.

7.      In regard to paragraph 10 of the complaint, the defendants state that when Brady Link met with the plaintiff on May 14, 2009, he generally advised her that her contract was not being renewed due to her performance.  However, the defendants deny the specific quotations attributed to Brady Link in paragraph 10 of the complaint and deny the remaining allegations contained in paragraph 10 of the complaint.

8.      The defendants admit the allegation contained in paragraph 11 of the complaint that the plaintiff filed an evaluation appeal form challenging her evaluation on both substance and procedure but deny that this appeal was in regard to her contract non-renewal.  The defendants further admit the allegation contained in paragraph 11 of the complaint that the plaintiff's evaluation appeal asserted that the school had not followed the proper procedure regarding her evaluation but deny that the evaluation appeal was designed to address the non-renewal of her contract.  While the defendants further admit the allegation contained in paragraph 11 of the complaint that the plaintiff was not granted a hearing in regard to her evaluation appeal, the defendants deny that such a hearing was guaranteed through the defendant's appeal process as the defendants acknowledged that a procedural violation had occurred in regard to the plaintiff's evaluation.  The defendants are without knowledge or information sufficient to form an opinion or belief as to the truth or falsity of the remaining allegations contained in paragraph 11 of the complaint and therefore deny the same.

9.      In regard to paragraph 12 of the complaint, the defendants state that Brady Link advised the plaintiff on June 9, 2009 that if he renewed her contract, she would

attain tenure.  However, the defendants deny the specific quotations in paragraph 12 of the complaint attributed to Brady Link.

    10.    The defendants deny the allegations contained in paragraphs 13, 14, 15, 18, 19, and 20 of the complaint.

    11.    The defendants deny every allegation and contest every demand for relief not specifically admitted herein.

### THIRD DEFENSE

The plaintiff is not a qualified individual with a disability.

### FOURTH DEFENSE

The plaintiff's claims are barred because the damages allegedly sustained by the plaintiff were caused by the acts and/or omissions of the plaintiff.

### FIFTH DEFENSE

The plaintiff's claims are barred by her failure to exhaust her administrative remedies.

### SIXTH DEFENSE

The plaintiff's claims are barred because she has failed to mitigate her damages.

### SEVENTH DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations.

### EIGHTH DEFENSE

The plaintiff's claims are barred under the doctrine of governmental immunity and qualified official immunity pursuant to Section 231 of the Kentucky Constitution and the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

The plaintiff's claims against the defendant, Brady Link, are barred as he was not the plaintiff's employer.

## TENTH DEFENSE

The plaintiff's claims are barred because the defendants offered reasonable accommodations to the plaintiff.

## ELEVENTH DEFENSE

The actions of the defendants were based on reasonable factors other than the plaintiff's alleged disability or plaintiff's filing of a workers' compensation claim.

**WHEREFORE**, the defendants, the Board of Education of Christian County, Kentucky and Brady Link, pray for relief as follows:

A.      Dismissal of the complaint with prejudice;

B.      All costs and attorney's fees expended herein; and

C.      All other relief to which they may be entitled.

<div style="margin-left:40%">

Mr. Jack N. Lackey, Jr.
DEATHERAGE, MYERS & LACKEY, PLLC
701 S. Main Street, P.O. Box 1065
Hopkinsville, KY 42241-1065
E-Mail: jlackey@dmsllaw.com

and

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
E-Mail:  rjackson@elpolaw.com

</div>

_/s/ Regina A. Jackson_____

REGINA A. JACKSON

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Daniel J. Canon – dan@dancanonlaw.com

_/s/Regina A. Jackson_____

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782
Attorneys for the Defendants

913976