UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10CV-97-R

LYNN GIBSON                                                                    PLAINTIFF


v.                                      **AMENDED COMPLAINT**


**CHRISTIAN COUNTY SCHOOL BOARD**
        Serve:  Superintendent Brady Link
                200 Glass Avenue
                Hopkinsville, KY 42204
and

**BRADY LINK,**
**in his official and individual capacities**
        Serve:  Brady Link
                200 Glass Avenue
                Hopkinsville, KY 42204


and

**GEOFFREY BAILEY,**
**in his official and individual capacities**                    **DEFENDANTS**
        Serve:  Geoffrey Bailey
                1150 Grapevine Road
                Madisonville, KY 42431


**Introduction**

        In 2009, Plaintiff, Lynn Gibson (herein referred to as Mrs. Gibson or the Plaintiff) was

informed that her contract as an elementary school teacher at Crofton Elementary School,

which is part of the Christian County School system (herein referred to as the Defendant),

would not be extended. This action is to recover compensatory and punitive damages for

violations pursuant to 42 U.S.C. § 12112 (Americans with Disabilities Act) and KRS 344.010

et seq for discrimination in employment, retaliation for filing a worker's compensation claim pursuant to KRS 342.197, and violations of the 5th and 14th Amendments of the United States Constitution.

### Parties

1.   Lynn Gibson is a resident of Hopkinsville, Kentucky. Mrs. Gibson suffers from Friedrich's Ataxia, a degenerative neurological disorder. As a result of this condition, the Plaintiff uses a walker to aid in her mobility while working. Mrs. Gibson's condition does not interfere with her ability to perform her duties as a teacher.

2.   Defendant Christian County Schools is a taxpayer funded state entity, and at all times relevant to this complaint was an "employer" as defined under Kentucky and federal law, and was acting under color of state law.

3.   Defendant Brady Link is, and at all times relevant to this Complaint was, the Superintendent of Christian County Public Schools.

4.   Defendant Geoffrey Bailey was, at all times relevant to this Complaint, the Principal of Crofton Elementary School.

5.   Because all of the events on which this complaint is based occurred in Christian County, this Court has jurisdiction over all of the Defendants and the subject matter herein and venue is proper in this Court.

### Facts

6.   Lynn Gibson was hired in August of 2005 as a 3rd Grade overflow teacher at Crofton Elementary School in the Christian County School system.

7.   Throughout Mrs. Gibson's employment with Defendant, the Defendant did not indicate to her by oral or written reports that she was not performing to 2expectations. Written reports are required by the Defendant's own policies and procedures regarding evaluation.

8.   On February 11th 2009, Mrs. Gibson broke her fibula in the teacher's workroom. Mrs. Gibson filed for worker's compensation. While she was homebound, Mrs. Gibson did all of her classes lesson plans, graded all papers, recorded all grades on her computer, and made arrangements for her family to deliver the work to the school every morning.

9.   Mrs. Gibson used a rolling walker to help her move around as a result of her impairment. Sometime between the last of February and April of 2009, Mrs. Gibson had a conversation with a retired teacher who had come to Crofton to substitute. Mrs. Gibson was told that the Defendants intended to terminate the Plaintiff and that they were "working on getting [her] out."

10. On May 13, 2009, Geoffrey Bailey came into Mrs. Gibson's room and shut the door. He told Mrs. Gibson that he had chosen not to renew her contract due to a "lack of student engagement" and "lack of centers."

11. On May 14, 2009, Brady Link told Mrs. Gibson that the choice to terminate her contract was because of "poor performance." Mr. Link further informed her that this information was gathered through "evaluations" and "walkthrus(sic)." None of Mrs. Gibson's evaluations indicated that she was rendering a poor performance.

12. Prior to May 15, 2009, Mr. Bailey recommended Ms. Gibson's termination to Mr. Link.

13. Although Mr. Link made the ultimate decision to terminate Ms. Gibson, he was following Mr. Bailey's recommendation to terminate without conducting his own inquiry into Ms. Gibson's performance.

14. On May 28th 2009, Mrs. Gibson filed an appeal form on both the substance and procedure regarding her termination. Mrs. Gibson's appeal centered on the fact that the school had not followed the proper procedure regarding her termination. Mrs. Gibson was never granted a hearing which is guaranteed through the Defendant's appeals process. On May 29th 2009, Mr. Bailey indicated to Mrs. Gibson that he would be conducting an observation on her. Mrs. Gibson asked why and Mr. Bailey indicated that this was being done by the order of Brady Link.

15. On June 9th 2009, Mr. Link told Mrs. Gibson that "[if I let] you get tenured, I will never be able to get rid of you."

## Causes of Action

16. Plaintiff reiterates or incorporates by reference all of the allegations set forth in previous paragraphs.

17. By virtue of the events described above, Defendants knowingly, willfully, and/or maliciously discriminated against the Plaintiff:

a.  Lynn Gibson suffered an adverse employment action;

b.  The adverse employment action was, in whole or in part, a result of the Defendant regarding Mrs. Gibson as having an impairment that substantially limited a major life activity which she did not have, or because of an actual impairment that

did not substantially limit a major life activity, or because of an actual impairment that substantially limited a major life activity, but did not disqualify her from work.

c. Her real or perceived disability was either the only reason for her termination, or was a motivating factor in her termination;

d. The actions of Defendants Link and Christian County School board constitute a violation of both 42 U.S.C. § 12112 and KRS 344.010 et seq.

e. The actions of Defendants Link and Bailey constitute a violation of KRS 344.280.

18. In addition or alternatively, Defendants retaliated against the Plaintiff in whole or in part for filing a worker's compensation claim. The Defendants retaliated against the Plaintiff for exercising her right to worker's compensation. This is a willful violation of KRS 342.197.

19. In addition or alternatively, the Defendant violated Plaintiff's right to Due Process guaranteed by the United States Constitution and the Kentucky Constitution.

a. Plaintiff was not afforded adequate notice or opportunity to be heard prior to her notice of termination

b. Defendant failed to follow procedures set forth by state law and their own policies in performing the termination of the Plaintiff.

c. The actions of Defendants violated Plaintiff's procedural and substantive rights to Due Process guaranteed by the 5th and 14th Amendments.

**Damages**

20. Plaintiff reiterates or incorporates by reference all of the allegations set forth in previous paragraphs.

21. As a consequence of the foregoing, Lynn Gibson suffered economic, mental, and emotional injuries for which she is entitled to recover compensatory monetary damages in an amount in excess of the minimum jurisdictional limits of this Court.

22. In addition, the Plaintiff is entitled to recover punitive damages given Defendants' oppressive, reckless, wanton, willful, and/or malicious conduct.

23. The Plaintiff is also entitled to prospective injunctive relief, including reinstatement to her former position and/or an award of front pay.

WHEREFORE, Lynn Gibson respectfully requests a trial by jury, and that she be awarded actual and punitive damages, interest, costs and attorneys' fees, injunctive relief, and all other relief to which she may be entitled.

Respectfully submitted,

 s/Daniel J. Canon
DANIEL J. CANON
462. S. Fourth Street, Suite 101
Louisville, KY  40202
 (502) 561-2005
*Counsel for Plaintiff*